```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
AUTOMOBILE INS. CO. of HARTFORD, CT.
a/s/o JAY WEINSTEIN and ELLYN
WEINSTEIN,

                Plaintiff,

        -against-                           MEMORANDUM & ORDER
                                            09-CV-5017(JS)(AKT)
ASKO APPLIANCES, INC. f/k/a
AM APPLIANCE GROUP, INC. and ASKO
APPLIANCES AB f/k/a ASKO CYLINDA AB,

                Defendants.
----------------------------------------X
ASKO APPLIANCES, AB f/k/a ASKO
CYLINDA AB,

            Third-Party Plaintiff,

        -against-

ELTEK S.p.A.,

            Third-Party Defendant.
----------------------------------------X
```
APPEARANCES:
For Plaintiff:      Robert A. Schultz, Esq.
                    Law Office of Andrea G. Sawyers
                    3 Huntington Quadrangle, Suite 102S
                    Melville, NY 11747

For ASKO Inc.:      Gerald G. Cowen, Esq.
                    Ross T. Herman, Esq.
                    Maroney O'Connor LLP
                    11 Broadway, Suite 831
                    New York, NY 10004

For ASKO AB:        Patrick Walsh Brophy, Esq.
                    McMahon, Martine & Gallagher
                    90 Broad Street
                    New York, NY 10004


For Eltek:          Paul Lawrence Kassirer, Esq.

Lester, Schwab, Katz & Dwyer, LLP
120 Broadway, 38th Floor
New York, NY 10271

SEYBERT, District Judge:

Plaintiff Automobile Insurance Company of Hartford, Connecticut ("Plaintiff") sued Defendants and Third-Party Plaintiffs ASKO Appliances, Inc. ("ASKO Inc.") and ASKO Appliances AB ("ASKO AB") (collectively, the "ASKO Defendants") for negligence, strict products liability and breach of contract in a case arising out of a house fire allegedly caused by an ASKO dishwasher. The ASKO Defendants, in turn, asserted third-party claims against Third-Party Defendant Eltek S.p.A. ("Eltek"). Pending before the Court is Plaintiff's motion for partial summary judgment on the liability portions of its negligence and strict products liability claims against the ASKO Defendants. For the following reasons, Plaintiff's motion is GRANTED.

BACKGROUND

Jay and Ellyn Weinstein (the "Weinsteins") owned two ASKO dishwashers in their home in Woodmere, New York. During the early morning hours of January 1, 2007, a fire originated in an ASKO dishwasher with the serial number 980200281461 (the "Subject Dishwasher"), causing $130,066.37 worth of damage to the Weinsteins' home. (Compl. ¶ 17.) ASKO AB manufactured the Subject Dishwasher in Sweden, and ASKO US imported it to the

United States, where it was sold to the Weinsteins through a distribution company that is not involved in this lawsuit. (Pl. 56.1 Stmt. ¶ 9.) The Subject Dishwasher included a wax motor manufactured by Third-Party Defendant Eltek. (Id. ¶ 17.)

As part of an investigation into the cause of the fire, ASKO US hired an expert named Donald Galler to examine the Subject Dishwasher. Among other things, he concluded that:

> The origin of the fire is uniquely associated with the incident dishwasher. During prior examinations we observed and reported unique physical evidence associated with the unit's wax motor that could account for the spread patterns from the appliance. As a result of this examination we have been able to identify that the failure scenario resulting in this fire is associated with the failure of the wax motor. The wax motor failure may be related to model-dependent issues and clues to this may be found by pursuing the apparent labeling problem discussed in items 10 and 11 of this report.

(Galler Report, Schultz Aff. Ex. D at 2.) An investigator who conducted an origin and cause investigation also concluded that the fire started near the Subject Dishwasher's control panel (Wisniewski Aff. ¶ 10), and an engineer who participated in three inspections concluded, among other things, that: (1) the fire originated within the front door of the Subject Dishwasher; (2) the fire was caused by electrical arcing within the Eltek wax motor; and (3) a fire within the Subject Dishwasher's door

would be able to escape by burning through the plastic front panel and the latch area. (Sleights Aff. ¶ 9.)

Plaintiff's brief describes documentary evidence illustrating that the ASKO Defendants were aware as early as 2000 that Eltek's wax motor could short circuit. (See Shultz Aff. Ex. N.) This evidence is largely undisputed. (See Docket Entry 75, ASKO Inc. Aff. in Opp. ¶ 3; ASKO AB Opp. 1.) Among that evidence is an October 27, 2006 letter from ASKO Inc. to the Consumer Product Safety Commission (the "CPSC") in which ASKO Inc. admits to receiving "sporadic" reports of fires "allegedly occurring in the control panel" of its dishwashers. (Timothy Mullin Oct. 27, 2006 Ltr. at 3-4, Schultz Aff. Ex. I.)

DISCUSSION

After discussing the applicable legal standard, the Court considers Plaintiff's strict products liability claim and then briefly addresses its negligence claim.

I. Legal Standard on a Motion for Summary Judgment

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together any other firsthand information including but not

4

limited to affidavits." Nnebe v. Daus, __ F.3d __, 2011 WL 2149924, at *6 (2d Cir. May 31, 2011); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 273 (1986); McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); see also FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134. The burden of proving that there is no genuine issue of material fact rests with the moving party. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994) (citing Heyman v. Com. & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 257, 106 S. Ct. at 2514-15, 91 L. Ed. 2d at 218. "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

II. Application to Plaintiff's Claims

There are three types of strict products liability claims: manufacturing defect, design defect, and failure-to-warn. See, e.g., Pierre-Louis v. De Longhi Am., Inc., 66 A.D.3d 859, 861, 887 N.Y.S.2d 628 (2d Dep't 2009). Plaintiff purports to proceed on all three theories, (see Compl. ¶ 9), but only addresses failure-to-warn and, to a lesser extent design defect, in its brief. The ASKO Defendants virtually concede that the Subject Dishwasher was defective; their defense in this case is primarily that Eltek should ultimately bear responsibility for Plaintiff's losses because its defective wax motor caused the fire. (See Docket Entry 75, ASKO Inc. Aff. in Opp. ¶¶ 3-5, 12 ("There was unquestionably a failure of the Eltek wax motor. the determination of ultimate responsibility in this case should be made based upon a finding that the Eltek wax motor was the cause of the Weinstein fire."); ASKO AB Opp. 7 ("Because all expert opinion in this case points to a design and/or manufacturing defect on the part of Eltek in its fan ventilator opening/closing wax motor, then if this Court finds Asko AB liable to Plaintff, we respectfully submit that this Court should search the record and ultimately award judgment over in favor of Asko AB against Eltek . . . .").)

The ASKO Defendants' position, of course, is not the law of strict products liability in New York. Anyone

6

responsible for injecting a defective product into the stream of commerce, including, for example, distributors and retailers, may be strictly liable for the damages that the defective product caused, regardless if another party was responsible for manufacturing a defective component part. Sapp v. Niagara Mach. & Tool Works, 45 A.D.3d 1261, 1264, 845 N.Y.S.2d 626 (4th Dep't 2007) ("The duty of a manufacturer with respect to a product that it places in the stream of commerce includes component parts used by the manufacturer in constructing that product."); Brumbaugh v. CEJJ, Inc., 152 A.D.2d 69, 70-71, 547 N.Y.S.2d 699, 701 (3d Dep't 1989) (in New York, "the pool of potential [strict products liability] defendants has been judicially expanded to include distributors, retailers, processors of materials and makers of component parts, or essentially to any one responsible for placing the defective product in the marketplace"). Distributors and retailers are free to seek contribution from the manufacture of the defective component, as the ASKO Defendants have done here against Eltek. See Auto. Ins. Co. of Hartford v. Murray, Inc., 571 F. Supp. 2d 408, 421-22 (W.D.N.Y. 2008).

Even if the ASKO Defendants had not essentially conceded liability, Plaintiff has introduced undisputed evidence that the ASKO Defendants are strictly liable on a failure-to-warn theory. To prevail on this claim, Plaintiff must show "(i)

7

that a manufacturer had a duty to warn; (ii) against foreseeable uses about which it knew or should have known; and (iii) that failure to do so was the proximate cause of the harm." Henry v. Rehab Plus, Inc., 404 F. Supp. 2d 435, 442 (E.D.N.Y. 2005) (quoting Derienzo v. Trek Bicycle Corp., 376 F. Supp. 2d 537, 566 (S.D.N.Y. 2005)). The "risk-utility" analysis applicable to failure-to-warn claims is akin to a reasonableness inquiry in negligence actions, "[t]hus, in the failure to warn context the strict liability inquiry is substantially the same as the negligence inquiry." Id.

Here, the ASKO Defendants had a duty to warn consumers about "latent dangers resulting from the foreseeable use of its product." Id. at 441. Certainly, the Weinsteins' running the Subject Dishwasher overnight was a foreseeable use of the ASKO Defendants' product. Further, the ASKO Defendants knew that the Eltek wax motor had a tendency to short circuit and that, at least as of 2006, consumers had reported fires that originated in the dishwashers' control panels. See supra 3-4. Finally, the law presumes that the Weinsteins would have heeded a fire warning from the ASKO Defendants had it been given. Henry, 404 F. Supp. 2d at 441. The ASKO Defendants have offered nothing to contradict Plaintiff's evidence or rebut the presumption that the Weinsteins would have heeded a warning. Accordingly, Plaintiff is entitled to summary judgment on its strict products

liability claim for the amount of damages arising from the defect.

Plaintiff also seeks partial summary judgment on its negligence claim against the ASKO Defendants. Because the Court has already concluded that Plaintiff is entitled to of damages arising from the defect, it need not reach the question of the ASKO Defendants' alleged negligence.

CONCLUSION

For the foregoing reasons, Plaintiff is entitled to summary judgment on the liability portion of its strict products liability claim against the ASKO Defendants. If Plaintiff intends to move for summary judgment on the amount of damages, it shall initiate the summary judgment process within forty-five days from the date of this Order.

Additionally, in its December 22, 2010 letter (Docket Entry 46), Plaintiff suggested it might move for sanctions against the ASKO Defendants under Federal Rule of Civil Procedure 11 for maintaining a frivolous defense. To the extent Plaintiff's letter itself constituted such a motion, it is denied without prejudice because there is no showing that Plaintiff honored Rule 11's safe-harbor provision. See FED. R. CIV. P. 11(c)(2).

The Clerk of the Court is directed to terminate Docket Entries 46, 62 and 63.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: September __21__, 2011
       Central Islip, New York